**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **DANNY GONZALES** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:16-cv-153** |
| | § | **JURY** |
| **NUECES COUNTY, TEXAS;** | § | |
| **JUSTIN NOLAND,** *Individually***;** | § | |
| **DEPUTY PERALES,** *Individually***;** | § | |
| **S. CHARLETON,** *Individually***;** | § | |
| **J. MEDINA,** *Individually***;** | § | |
| **J. VILLANUEVA,** *Individually***; and** | § | |
| **A. MUNOZ,** *Individually* | § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

   **NOW COMES** Plaintiff, Danny Gonzales, bringing this his *Plaintiff's First Amended Original Complaint*, praying for damages against Nueces County, Texas, Justin Noland, *Individually*, Deputy Perales, *Individually*, S. Charleton, *Individually*, J. Medina, *Individually,* J. Villanueva, *Individually,* and A. Munoz, *Individually* who jointly and severally, denied Daniel Gonzales his rights guaranteed by the Constitution and laws of the United States of America and the State of Texas.

### I.
### JURISDICTION AND VENUE

1.    This court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343(3) (civil rights). This court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear the state claims that will be set forth in this complaint. Venue is proper in the Southern District of Texas, Corpus Christi Division as this is the district where the claim arose in accordance with 29 U.S.C.§1391(b).

1

## II.
## PARTIES

2.      Plaintiff Danny Gonzales is and individual residents of the State of Texas.

3.      Defendant Nueces County, Texas, (hereinafter "Defendant NUECES COUNTY"), is a political subdivision of the State of Texas, and can be served with summons upon NUECES COUNTY, Texas, Nueces County Judge Lloyd Neal, 901 Leopard Street, Corpus Christi, Texas 78401.

4.      Defendant Justin Noland (hereinafter "Noland") was, at all times material to this suit, an officer employed by the NUECES COUNTY SHERIFF'S DEPARTMENT.  Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his/her employment and authority with the NUECES COUNTY SHERIFF'S DEPARTMENT.  Defendant Justin Noland may be served with summons at his/her place of employment, NUECES COUNTY SHERIFF'S DEPARTMENT, 901 Leopold St., Corpus Christi, Texas 78401.

5.      Defendant Deputy Perales (hereinafter "Perales") was, at all times material to this suit, an officer employed by the NUECES COUNTY SHERIFF'S DEPARTMENT.  Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his/her employment and authority with the NUECES COUNTY SHERIFF'S DEPARTMENT.  Defendant Perales has waived service pursuant to Rule 4 and made an appearance in the case.

6.      Defendant S. Charleton (hereinafter "Charleton") was, at all times material to this suit, an officer employed by the NUECES COUNTY SHERIFF'S DEPARTMENT.  Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his/her employment and authority with the Nueces County Sheriff's

Department.   Defendant S. Charleton has waived service pursuant to Rule 4 and made an appearance in the case.

7.      Defendant J. Medina (hereinafter "Medina") was, at all times material to this suit, an officer employed by the NUECES COUNTY SHERIFF'S DEPARTMENT.  Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his/her employment and authority with the Nueces County Sheriff's Department.  Defendant Medina has waived service pursuant to Rule 4 and made an appearance in the case.

8.      Defendant J. Villanueva (hereinafter "Villanueva") was, at all times material to this suit, an officer employed by the NUECES COUNTY SHERIFF'S DEPARTMENT.   Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his/her employment and authority with the CORPUS CHRISTI POLICE DEPARTMENT.  Defendant J. Villanueva has waived service pursuant to Rule 4 and made an appearance in the case.

9.      Defendant A. Munoz (hereinafter "Munoz") was, at all times material to this suit, an officer employed by the NUECES COUNTY SHERIFF'S DEPARTMENT.  Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his/her employment and authority with the CORPUS CHRISTI POLICE DEPARTMENT.   Defendant A. Munoz has waived service pursuant to Rule 4 and made an appearance in the case.

**III.**
**FACTS**

10.    On or about May 8, 2014, Plaintiff was incarcerated in the Nueces County Jail.  Defendant Noland had Plaintiff standing against a wall and Defendant Noland pulled Plaintiff and kneed Plaintiff in the face.  The force of Defendant Noland pulling Plaintiff caused Plaintiff's head to hit Defendant Noland in his face causing Defendant Noland to receive a busted lip. During this incident,  Due to the incident, Plaintiff received a broken jaw.

11.    Thereafter on or about May 13, 2014, while incarcerated in the Nueces County Jail, Plaintiff was in his cell when Defendants Charleton, Medina, Villanueva, and Munoz entered Plaintiff's cell and brutally beat Plaintiff by kicking and hitting him throughout his head, face and body.  Due to the beating, Plaintiff suffered bruising throughout his body and a laceration above his left eye.

12.    Thereafter on or about June 16, 2014, while incarcerated in the Nueces County Jail, Defendant Noland once again brutally beat Plaintiff in his cell and slammed Plaintiff's head against the wall of his cell.  However, this time Defendant Noland enlisted the help of Defendant Perales.  During this incident, Plaintiff received a broken nose, a laceration on his cheekbone, a busted eardrum, busted eyebrow bone and laceration to his left eye.

13.    As a result of the Defendants' actions, Plaintiff sustained numerous injuries to his body, including, but not limited to, bruising and abrasions about his body, a broken jaw, a broken nose, a laceration on his cheekbone, a busted eardrum, busted eyebrow bone and laceration to his left eye.

14.    Plaintiff is informed and believe, and thereupon allege that in committing said acts and/or omissions, each individual Defendant was the agent and/or employee of Defendant County and was acting within such agency and employment and that each Defendant was acting under color of state law.

15.     Moreover, the officers' acts amount to an excessive and/or unnecessary use of force.  Said excessive/unnecessary use of force is objectively unreasonable as no reasonable police officer and/or law enforcement officer given the same or similar circumstances would have initiated such a brutal and life threatening attack on any person seized and in the position of Plaintiff who was in custody and/or control of law enforcement.

16.     To the extent necessary if Plaintiff is shown to be an "inmate" subject to Eighth Amendment protections, he would plead that any of the actions delineated herein were performed maliciously and sadistically, for the very purpose of causing Plaintiff harm and that such actions caused Plaintiff to suffer some harm.

17.     At all pertinent times, Defendant Nueces County (by and though the Nueces County Sheriff's Department) authorized and ratified the wrongful and tortuous acts and/or omissions of its officers

## IV.
## FIRST CLAIM FOR RELIEF - - §1983

18.     The allegations contained in Paragraphs 10 through 17 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

19.     **Section 1983.**  The Civil Rights Act of 1871, now codified as  42 U.S.C. § 1983 as federal law provides:  "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."  42 U.S.C. § 1983.

20.     The state action requirement for standing under 42 U.S.C. § 1983 has more commonly been

5

referred to as "color of state law," from the statute itself.  Plaintiff is informed and believes, and thereupon alleges that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law.

21.    42 U.S.C. § 1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States.  As such, Plaintiff alleges that Defendants, jointly and/or severally deprived him of his Fourth Amendment rights and those rights, privileges, and immunities secured by the Fourth, Eighth and/or Fifth Amendments to the Constitution incorporated and applied to the states through the Fourteenth Amendment.   Defendants violated this provision by the following actions, *inter alia*, and/or omissions:

    a)    by using excessive force in the course of Defendants' custody of Plaintiff, in violation of the Fourth Amendment and its "reasonableness" standard.  Plaintiff therefore pleads that Defendants' used excessive and/or unnecessary force.  Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable; or

    b)    in the event it is shown Plaintiff is entitled to Eighth Amendment protections, by using force maliciously and sadistically, for the very purpose of causing Plaintiff harm and that such actions caused Plaintiff to suffer some harm; or

    c)    by failing to intervene, where such intervention would have prevented the violations and/or injuries of Plaintiff.

22.    **§ 1983 - Excessive Force**.  Plaintiff pleads that Defendants used excessive force and/or unnecessary in the course of the officers' supposed arrest, and/or investigatory stop, and/or other "seizure" of a free citizen, such as Plaintiff in violation of the Fourth Amendment and its "reasonableness" standard.   Plaintiff therefore pleads that he was unlawfully assaulted and physically harmed by Defendants.  Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively

6

unreasonable.

23.     Such actions and/or omissions are "objectively unreasonable" in light of the facts and circumstances confronting them without regard to their underlying intent or motivation.  Clearly, careful attention to the facts and circumstances of this particular case demonstrates the unreasonableness of said actions.  For these reasons, it is objectively unreasonable for said officers to have used excessive and unnecessary force upon Plaintiff who was otherwise in custody.  To the extent necessary if Plaintiff is shown to be an "inmate" subject to Eighth Amendment protections, he would plead that any of the actions delineated herein were performed maliciously and sadistically, for the very purpose of causing Plaintiff harm and that such actions caused Plaintiff to suffer some harm.

24.     **§ 1983 – Governmental (Municipal).**   It is also well-established that municipalities are liable under 42 U.S.C. § 1983 for constitutional torts that are in compliance with the municipality's customs, practices, policies or procedures.  A municipality is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision making channels.  In this case, Nueces County is liable because it sanctioned the custom, practice and/or policy or procedure of illegal searches, illegal seizures, excessive force and/or violating their rights.   Defendants' actions were a customary practice and/or policy or procedure that was sanctioned by Nueces County out of which deprived Plaintiff of his civil rights by statute and by both the Texas and United States Constitutions.  Liability for Nueces County is established under §1983 because the use of excessive and/or unnecessary force, with little or no justification, is a persistent, widespread practice of County employees -- namely police officers -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official

7

municipal policy.  Nueces County has actual or constructive knowledge of this practice, custom, and/or policy or procedure and sufficiently numerous prior incidents of police officers using excessive and/or unnecessary force upon citizens establishes custom and accession to that custom by the County's policy makers.  Nueces County's unspoken policy of assaulting citizens is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory rights will follow the decision.  In the alternative, Nueces County is liable under §1983 for failure to adopt a policy precluding officers from using excessive and/or unnecessary force upon citizens because such failure to adopt such a policy is one of intentional choice.

25.     Moreover, Nueces County is liable for inadequate training of police officers under §1983. Liability attaches to the Nueces County because the County's failure to train amounts to deliberate indifference to the rights of the persons with whom the police come in contact.  In particular, Plaintiff alleges that the training program in relation to the tasks the particular officers must perform is inadequate in the respect that the program fails to teach new police persons that using excessive and/or unnecessary force on citizens violates citizens' constitutional rights.  As such, the deficiency in training actually caused Defendants to violate Plaintiff's constitutional rights.

26.     To the extent helpful, Plaintiff would also plead as illustrative of the use of force in the Nueces County Jail the following, *inter alia*, sustained incidents:

2008-IA-001 Conduct Unbecoming
2009-IA-004 Rules Violation
1992-IA-044   Conduct Unbecoming
1996-IA-030   Conduct Unbecoming
1996-IA-037   Conduct Unbecoming
1996-IA-037   Conduct Unbecoming
1996-IA-045   Conduct Unbecoming
1997-IA-010   Conduct Unbecoming
1997-IA-013   Conduct Unbecoming
1997-IA-013   Conduct Unbecoming
1997-IA-028   Conduct Unbecoming
1997-IA-034   Conduct Unbecoming

8

1997-IA-039   Conduct Unbecoming
1997-IA-043   Conduct Unbecoming
1997-IA-044   Conduct Unbecoming
1997-IA-071   Conduct Unbecoming
1997-IA-100   Conduct Unbecoming
1997-IA-100   Conduct Unbecoming
1998-IA-002   Conduct Unbecoming
1998-IA-069   Conduct Unbecoming
1998-IA-070   Conduct Unbecoming
1998-IA-072   Conduct Unbecoming
1998-IA-075   Conduct Unbecoming
1999-IA-005   Conduct Unbecoming
1999-IA-036   Conduct Unbecoming
1999-IA-038   Conduct Unbecoming
1999-IA-044   Conduct Unbecoming
1999-IA-044   Conduct Unbecoming
1999-IA-048   Conduct Unbecoming
1999-IA-051   Conduct Unbecoming
1999-IA-052   Conduct Unbecoming
1999-IA-052   Conduct Unbecoming
1999-IA-055   Conduct Unbecoming
1999-IA-063   Conduct Unbecoming
2005-IA-006   Conduct Unbecoming
2005-IA-063   Conduct Unbecoming
2006-IA-001   Conduct Unbecoming
2006-IA-025   Conduct Unbecoming
2007-IA-003   Conduct Unbecoming
2007-IA-003   Conduct Unbecoming
1996-IA-074   Excessive Force
1996-IA-075   Excessive Force
1997-IA-008   Excessive Force
1997-IA-031   Excessive Force
1997-IA-032   Excessive Force
1997-IA-056   Excessive Force
1997-IA-065   Excessive Force
1998-IA-053   Excessive Force
1998-IA-056   Excessive Force
1998-IA-056   Excessive Force
1998-IA-056   Excessive Force
1998-IA-067   Excessive Force
1999-IA-021   Excessive Force
1999-IA-024   Excessive Force
1999-IA-029   Excessive Force
1999-IA-059   Excessive Force
2000-IA-028   Excessive Force
2000-IA-034   Excessive Force

| | |
|---|---|
| 2000-IA-034 | Excessive Force |
| 2000-IA-035 | Excessive Force |
| 2000-IA-009 | Excessive Force |
| 2000-IA-009 | Excessive Force |
| 2000-IA-009 | Excessive Force |
| 2000-IA-012 | Excessive Force |
| 1991-IA-023 | Excessive Force |
| 2000-IA-001 | Excessive Force |
| 2009-IA-003 | Excessive Force |
| 2009-IA-005 | Excessive Force |
| 2000-IA-005 | Improper Use of Police Authority |
| 2000-IA-008 | Improper Use of Police Authority |
| 1992-IA-020 | Inmate Injury |
| 1998-IA-061 | Insubordination |
| 1991-IA-006 | Major Rule Infraction |
| 1991-IA-010 | Major Rule Infraction |
| 1991-IA-014 | Major Rule Infraction |
| 1991-IA-028 | Major Rule Infraction |
| 1991-IA-030 | Major Rule Infraction |
| 1991-IA-033 | Major Rule Infraction |
| 1991-IA-036 | Major Rule Infraction |
| 1991-IA-042 | Major Rule Infraction |
| 1992-IA-004 | Major Rule Infraction |
| 1992-IA-004 | Major Rule Infraction |
| 1992-IA-019 | Major Rule Infraction |
| 1992-IA-022 | Major Rule Infraction |
| 1996-IA-015 | Misconduct |
| 1999-IA-039 | Misconduct |
| 1999-IA-054 | Misconduct |
| 1999-IA-054 | Misconduct |
| 1999-IA-064 | Misconduct |
| 2000-IA-015 | Rudeness |
| 2005-IA-009 | Rule Infraction |
| 2005-IA-011 | Rule Infraction |
| 2005-IA-011 | Rule Infraction |
| 2005-IA-012 | Rule Infraction |
| 2005-IA-012 | Rule Infraction |
| 2005-IA-012 | Rule Infraction |
| 2005-IA-012 | Rule Infraction |
| 2005-IA-013 | Rule Infraction |
| 2005-IA-013 | Rule Infraction |
| 2005-IA-013 | Rule Infraction |
| 2005-IA-016 | Rule Infraction |
| 2005-IA-020 | Rule Infraction |
| 2005-IA-029 | Rule Infraction |
| 2005-IA-030 | Rule Infraction |

2005-IA-031   Rule Infraction
2005-IA-031   Rule Infraction
2005-IA-032   Rule Infraction
2005-IA-034   Rule Infraction
2005-IA-034   Rule Infraction
2005-IA-034   Rule Infraction
2005-IA-036   Rule Infraction
2005-IA-039   Rule Infraction
2005-IA-043   Rule Infraction
2005-IA-045   Rule Infraction
2005-IA-048   Rule Infraction
2005-IA-048   Rule Infraction
2005-IA-049   Rule Infraction
2005-IA-051   Rule Infraction
2005-IA-051   Rule Infraction
2005-IA-052   Rule Infraction
2005-IA-056   Rule Infraction
2005-IA-070   Rule Infraction
2005-IA-070   Rule Infraction
2006-IA-002   Rule Infraction
2006-IA-002   Rule Infraction
2006-IA-002   Rule Infraction
2006-IA-009   Rule Infraction
2006-IA-011   Rule Infraction
2006-IA-012   Rule Infraction
2006-IA-013   Rule Infraction
2006-IA-016   Rule Infraction
2006-IA-017   Rule Infraction
2006-IA-017   Rule Infraction
2006-IA-017   Rule Infraction
2006-IA-022   Rule Infraction
2006-IA-022   Rule Infraction
2006-IA-024   Rule Infraction
2006-IA-024   Rule Infraction
2006-IA-024   Rule Infraction
2006-IA-029   Rule Infraction
2006-IA-035   Rule Infraction
2006-IA-038   Rule Infraction
2006-IA-039   Rule Infraction
2006-IA-042   Rule Infraction
2006-IA-045   Rule Infraction
2006-IA-045   Rule Infraction
2006-IA-045   Rule Infraction
2006-IA-048   Rule Infraction
2006-IA-054   Rule Infraction
2006-IA-054   Rule Infraction

2006-IA-055   Rule Infraction
2005-IA-001   Rule Violation
2005-IA-001   Rule Violation
2007-IA-004   Rules Violation
2007-IA-007   Rules Violation
2007-IA-008   Rules Violation
2007-IA-008   Rules Violation
2007-IA-008   Rules Violation
2007-IA-009   Rules Violation
2007-IA-013   Rules Violation
2007-IA-014   Rules Violation
2007-IA-014   Rules Violation
2007-IA-016   Rules Violation
2007-IA-017   Rules Violation
2007-IA-018   Rules Violation
2007-IA-021   Rules Violation
2008-IA-002   Rules Violation
2008-IA-004   Rules Violation
2008-IA-005   Rules Violation
2008-IA-006   Rules Violation
2008-IA-011   Rules Violation
2009-IA-003   Rules Violation
2009-IA-003   Rules Violation
2009-IA-006   Rules Violation
2008-IA-010   Rules Violation/Use of Force
1999-IA-027   Unnecessary Force
1999-IA-054   Unnecessary Force
2005-IA-005   Use of Force
2008-IA-007   Use of Force/Rules Violation
1991-IA-018   Verbal Abuse
1991-IA-027   Verbal Abuse
1992-IA-024   Verbal Abuse
1992-IA-003   Violation of Law
1992-IA-015   Violation of Law
2005-IA-059   Rule Infraction
1997-IA-041   Excessive Force
1999-IA-025   Excessive Force
2009-IA-001   Rules Violation
2009-IA-001   Rules Violation
2009-IA-001   Rules Violation
2006-IA-019   Rule Infraction
2006-IA-067   Rule Infraction

Further, Plaintiff would show the following cases, *inter alia*, in which claims of abuse and/or

excessive force were not sustained and/or no conclusion reached when such should have been:

| | |
|---|---|
| 1998-IA-030 | Excessive Force |
| 1999-IA-046 | Custodial Death |
| 1995-IA-066 | Custodial Death |
| 1996-IA-052 | Custodial Death |
| 1996-IA-081 | Custodial Death |
| 1994-IA-071 | Excessive Force |
| 1994-IA-071 | Excessive Force |
| 1994-IA-071 | Excessive Force |
| 1994-IA-072 | Excessive Force |
| 1994-IA-077 | Excessive Force |
| 1994-IA-078 | Excessive Force |
| 1994-IA-081 | Excessive Force |
| 1994-IA-085 | Excessive Force |
| 1994-IA-086 | Excessive Force |
| 1994-IA-086 | Excessive Force |
| 1994-IA-087 | Excessive Force |
| 1994-IA-087 | Excessive Force |
| 1994-IA-088 | Excessive Force |
| 1994-IA-088 | Excessive Force |
| 1994-IA-098 | Excessive Force |
| 1994-IA-100 | Excessive Force |
| 1994-IA-110 | Excessive Force |
| 1995-IA-003 | Excessive Force |
| 1995-IA-004 | Excessive Force |
| 1995-IA-005 | Excessive Force |
| 1995-IA-017 | Excessive Force |
| 1995-IA-017 | Excessive Force |
| 1995-IA-018 | Excessive Force |
| 1995-IA-018 | Excessive Force |
| 1995-IA-021 | Excessive Force |
| 1995-IA-021 | Excessive Force |
| 1995-IA-021 | Excessive Force |
| 1995-IA-021 | Excessive Force |
| 1995-IA-021 | Excessive Force |
| 1995-IA-024 | Excessive Force |
| 1995-IA-037 | Excessive Force |
| 1995-IA-037 | Excessive Force |
| 1995-IA-037 | Excessive Force |
| 1995-IA-037 | Excessive Force |
| 1995-IA-037 | Excessive Force |
| 1995-IA-040 | Excessive Force |
| 1995-IA-040 | Excessive Force |
| 1995-IA-040 | Excessive Force |
| 1995-IA-050 | Excessive Force |
| 1995-IA-056 | Excessive Force |
| 1995-IA-056 | Excessive Force |

| | |
|---|---|
| 1995-IA-058 | Excessive Force |
| 1995-IA-059 | Excessive Force |
| 1995-IA-059 | Excessive Force |
| 1995-IA-062 | Excessive Force |
| 1995-IA-067 | Excessive Force |
| 1995-IA-069 | Excessive Force |
| 1995-IA-070 | Excessive Force |
| 1995-IA-078 | Excessive Force |
| 1995-IA-085 | Excessive Force |
| 1995-IA-093 | Excessive Force |
| 1995-IA-093 | Excessive Force |
| 1995-IA-093 | Excessive Force |
| 1995-IA-093 | Excessive Force |
| 1995-IA-093 | Excessive Force |
| 1995-IA-100 | Excessive Force |
| 1995-IA-108 | Excessive Force |
| 1995-IA-108 | Excessive Force |
| 1995-IA-108 | Excessive Force |
| 1995-IA-108 | Excessive Force |
| 1996-IA-005 | Excessive Force |
| 1996-IA-007 | Excessive Force |
| 1996-IA-007 | Excessive Force |
| 1996-IA-027 | Excessive Force |
| 1996-IA-031 | Excessive Force |
| 1997-IA-089 | Excessive Force |
| 1997-IA-089 | Excessive Force |
| 1998-IA-003 | Excessive Force |
| 1998-IA-003 | Excessive Force |
| 1998-IA-004 | Excessive Force |
| 1998-IA-004 | Excessive Force |
| 1998-IA-004 | Excessive Force |
| 1998-IA-007 | Excessive Force |
| 1998-IA-024 | Excessive Force |
| 1998-IA-028 | Excessive Force |
| 1998-IA-029 | Excessive Force |
| 1998-IA-029 | Excessive Force |
| 1998-IA-029 | Excessive Force |
| 1998-IA-031 | Excessive Force |
| 1998-IA-035 | Excessive Force |
| 1998-IA-036 | Excessive Force |
| 1998-IA-036 | Excessive Force |
| 1998-IA-042 | Excessive Force |
| 1999-IA-009 | Excessive Force |
| 1999-IA-009 | Excessive Force |
| 1999-IA-009 | Excessive Force |
| 1999-IA-031 | Excessive Force |

| | |
|---|---|
| 1999-IA-031 | Excessive Force |
| 1999-IA-037 | Excessive Force |
| 1999-IA-037 | Excessive Force |
| 1999-IA-042 | Excessive Force |
| 1999-IA-042 | Excessive Force |
| 1999-IA-053 | Excessive Force |
| 1999-IA-060 | Excessive Force |
| 2000-IA-019 | Excessive Force |
| 1991-IA-007 | Excessive Force |
| 1991-IA-008 | Excessive Force |
| 1991-IA-009 | Excessive Force |
| 1991-IA-009 | Excessive Force |
| 1991-IA-009 | Excessive Force |
| 1991-IA-009 | Excessive Force |
| 1991-IA-021 | Excessive Force |
| 2000-IA-016 | Excessive Force |
| 2000-IA-016 | Excessive Force |
| 2000-IA-016 | Excessive Force |
| 2000-IA-016 | Excessive Force |
| 1991-IA-004 | Excessive Force |
| 1991-IA-004 | Excessive Force |
| 1991-IA-004 | Excessive Force |
| 1991-IA-004 | Excessive Force |
| 1991-IA-025 | Excessive Force |
| 1991-IA-032 | Excessive Force |
| 1992-IA-005 | Excessive Force |
| 1992-IA-005 | Excessive Force |
| 1992-IA-007 | Excessive Force |
| 1992-IA-007 | Excessive Force |
| 2000-IA-006 | Excessive Force |
| 2000-IA-013 | Excessive Force |
| 2000-IA-013 | Excessive Force |
| 1997-IA-098 | Excessive Force |
| 1999-IA-032 | Excessive Force |
| 1999-IA-032 | Excessive Force |
| 2007-IA-005 | Excessive Force |
| 2007-IA-005 | Excessive Force |
| 2007-IA-005 | Excessive Force |
| 2009-IA-007 | Excessive Use of Force |
| 2009-IA-007 | Excessive Use of Force |
| 2009-IA-007 | Excessive Use of Force |
| 2009-IA-007 | Excessive Use of Force |
| 2009-IA-007 | Excessive Use of Force |
| 2009-IA-007 | Excessive Use of Force |
| 2009-IA-007 | Excessive Use of Force |
| 2009-IA-007 | Excessive Use of Force |

2009-IA-007   Excessive Use of Force
2009-IA-007   Excessive Use of Force
2007-IA-011   Use of Force
2007-IA-012   Use of Force
2007-IA-015   Use of Force
2008-IA-003   Use of Force/Rules Violation
1996-IA-023   Excessive Force
1996-IA-023   Excessive Force
1996-IA-023   Excessive Force
1996-IA-098   Deadly Force
2000-IA-022   Excessive Force
2000-IA-038   Excessive Force
1999-IA-041   Excessive Force
1999-IA-043   Excessive Force
1999-IA-043   Excessive Force
1999-IA-057   Excessive Force
1999-IA-057   Excessive Force
1997-IA-096   Excessive Force
1996-IA-001   Excessive Force
1996-IA-001   Excessive Force
1996-IA-001   Excessive Force
1996-IA-001   Excessive Force
1996-IA-006   Excessive Force
2006-IA-005   Excessive Force
2006-IA-008   Excessive Force
2006-IA-033   Excessive Force
2009-IA-007   Excessive Use of Force
2009-IA-007   Excessive Use of Force
2009-IA-007   Excessive Use of Force
1997-IA-047   Unnecessary Force
2005-IA-003   Use of Force
2005-IA-004   Use of Force
2005-IA-008   Use of Force
2005-IA-015   Use of Force
2005-IA-025   Use of Force
2005-IA-025   Use of Force
2005-IA-025   Use of Force
2005-IA-053   Use of Force
2005-IA-067   Use of Force
2005-IA-068   Use of Force
2005-IA-068   Use of Force
2006-IA-023   Use of Force
2010-IA-002   Use of Force
2010-IA-002   Use of Force
2010-IA-002   Use of Force
2008-IA-008   Use of Force/Rules Violation

1994-IA-027   Excessive Force
1996-IA-017   Excessive Force
1996-IA-022   Excessive Force
1996-IA-022   Excessive Force
1996-IA-022   Excessive Force
1996-IA-025   Excessive Force
1996-IA-025   Excessive Force
1996-IA-032   Excessive Force
1996-IA-041   Excessive Force
1996-IA-043   Excessive Force
1996-IA-043   Excessive Force
1996-IA-043   Excessive Force
1996-IA-048   Excessive Force
1996-IA-065   Excessive Force
1996-IA-084   Excessive Force
1996-IA-084   Excessive Force
1996-IA-092   Excessive Force
1996-IA-092   Excessive Force
1996-IA-092   Excessive Force
1997-IA-002   Excessive Force
1997-IA-004   Excessive Force
1997-IA-007   Excessive Force
1997-IA-007   Excessive Force
1997-IA-007   Excessive Force
1997-IA-009   Excessive Force
1997-IA-009   Excessive Force
1997-IA-009   Excessive Force
1997-IA-014   Excessive Force
1997-IA-019   Excessive Force
1997-IA-024   Excessive Force
1997-IA-042   Excessive Force
1997-IA-055   Excessive Force
1997-IA-057   Excessive Force
1997-IA-061   Excessive Force
1997-IA-061   Excessive Force
1997-IA-063   Excessive Force
1997-IA-063   Excessive Force
1997-IA-067   Excessive Force
1997-IA-080   Excessive Force
1997-IA-092   Excessive Force
1997-IA-093   Excessive Force
1998-IA-020   Excessive Force
1998-IA-020   Excessive Force
1998-IA-021   Excessive Force
1998-IA-021   Excessive Force
1998-IA-026   Excessive Force

| | |
|---|---|
| 1998-IA-033 | Excessive Force |
| 1998-IA-033 | Excessive Force |
| 1998-IA-033 | Excessive Force |
| 1998-IA-033 | Excessive Force |
| 1998-IA-040 | Excessive Force |
| 1998-IA-040 | Excessive Force |
| 1998-IA-051 | Excessive Force |
| 1998-IA-058 | Excessive Force |
| 1998-IA-065 | Excessive Force |
| 1999-IA-001 | Excessive Force |
| 1999-IA-008 | Excessive Force |
| 1999-IA-011 | Excessive Force |
| 1999-IA-011 | Excessive Force |
| 1999-IA-011 | Excessive Force |
| 1999-IA-028 | Excessive Force |
| 1999-IA-035 | Excessive Force |
| 1999-IA-062 | Excessive Force |
| 1999-IA-066 | Excessive Force |
| 1999-IA-075 | Excessive Force |
| 2000-IA-020 | Excessive Force |
| 2000-IA-036 | Excessive Force |
| 2000-IA-039 | Excessive Force |
| 2002-IA-051 | Excessive Force |
| 2003-IA-012 | Excessive Force |
| 2003-IA-013 | Excessive Force |
| 2003-IA-013 | Excessive Force |
| 2003-IA-039 | Excessive Force |
| 2003-IA-039 | Excessive Force |
| 1991-IA-016 | Excessive Force |
| 1991-IA-024 | Excessive Force |
| 1991-IA-019 | Excessive Force |
| 1992-IA-031 | Excessive Force |
| 1992-IA-042 | Excessive Force |
| 1998-IA-071 | Excessive Force |
| 1998-IA-071 | Excessive Force |
| 2000-IA-007 | Excessive Force |
| 2000-IA-014 | Excessive Force |
| 1997-IA-087 | Excessive Force Threat |
| 1996-IA-055 | Mistreatment of Inmate |
| 1999-IA-067 | Excessive Force |
| 1999-IA-068 | Excessive Force |
| 1999-IA-069 | Excessive Force |
| 1999-IA-075 | Excessive Force |
| 2000-IA-042 | Excessive Force |
| 2001-IA-002 | Excessive Force |
| 2001-IA-003 | Excessive Force |

| | |
|---|---|
| 1999-IA-073 | Excessive Force |
| 1996-IA-057 | Excessive Force |
| 1998-IA-038 | Excessive Force |
| 1997-IA-045 | Excessive Force |
| 1997-IA-060 | Custodial Death |
| 1997-IA-016 | Excessive Force |
| 1998-IA-032 | Excessive Force |
| 1998-IA-063 | Excessive Force |
| 1999-IA-032 | Excessive Force |
| 1999-IA-032 | Excessive Force |
| 1998-IA-066 | Excessive Force |
| 1998-IA-066 | Excessive Force |
| 1996-IA-040 | Excessive Force |
| 1996-IA-040 | Excessive Force |
| 1996-IA-051 | Excessive Force |
| 1996-IA-051 | Excessive Force |
| 1996-IA-068 | Excessive Force |
| 1996-IA-097 | Excessive Force |
| 1997-IA-012 | Excessive Force |
| 1997-IA-029 | Excessive Force |
| 1997-IA-082 | Excessive Force |
| 1998-IA-010 | Excessive Force |
| 1998-IA-041 | Excessive Force |
| 1998-IA-062 | Excessive Force |
| 1999-IA-047 | Excessive Force |
| 2000-IA-027 | Excessive Force |
| 2000-IA-027 | Excessive Force |
| 1991-IA-001 | Excessive Force |
| 1992-IA-037 | Excessive Force |
| 1999-IA-072 | Excessive Force |
| 2000-IA-010 | Excessive Force |
| 1998-IA-005 | Excessive Force |
| 1996-IA-056 | Mistreatment of Inmate |
| 1996-IA-013 | Excessive Force |
| 2006-IA-031 | Excessive Force |
| 2006-IA-031 | Excessive Force |
| 2006-IA-061 | Excessive Force |
| 1996-IA-012 | Excessive Force |
| 1996-IA-080 | Mistreatment of Inmate |
| 1999-IA-050 | Excessive Force |
| 1993-IA-024 | Excessive Force |
| 1993-IA-033 | Excessive Force |
| 1993-IA-034 | Excessive Force |
| 1993-IA-034 | Excessive Force |
| 1993-IA-037 | Excessive Force |
| 1993-IA-037 | Excessive Force |

1993-IA-057   Excessive Force
1994-IA-006   Excessive Force
1994-IA-009   Excessive Force
1994-IA-013   Excessive Force
1994-IA-013   Excessive Force
1994-IA-013   Excessive Force
1994-IA-013   Excessive Force
1994-IA-016   Excessive Force
1994-IA-024   Excessive Force
1994-IA-030   Excessive Force
1994-IA-031   Excessive Force
1994-IA-031   Excessive Force
1994-IA-031   Excessive Force
1994-IA-031   Excessive Force
1994-IA-032   Excessive Force
1994-IA-032   Excessive Force
1994-IA-035   Excessive Force
1994-IA-036   Excessive Force
1994-IA-044   Excessive Force
1994-IA-046   Excessive Force
1994-IA-046   Excessive Force
1994-IA-047   Excessive Force
1994-IA-047   Excessive Force
1994-IA-047   Excessive Force
1994-IA-048   Excessive Force
1994-IA-048   Excessive Force
1994-IA-050   Excessive Force
1994-IA-051   Excessive Force
1994-IA-052   Excessive Force
1994-IA-061   Excessive Force
1994-IA-067   Excessive Force
1994-IA-067   Excessive Force
1994-IA-069   Excessive Force
1994-IA-069   Excessive Force
1994-IA-075   Excessive Force
1994-IA-102   Excessive Force
1994-IA-104   Excessive Force
1995-IA-070   Excessive Force
1998-IA-074   Excessive Force
1998-IA-076   Excessive Force
1992-IA-035   Excessive Force
1992-IA-035   Excessive Force
1992-IA-012   Excessive Force
1992-IA-021   Excessive Force
1992-IA-030   Excessive Force
1992-IA-030   Excessive Force

1992-IA-045   Excessive Force

27.     **§ 1983 - Qualified Good Faith Immunity** (applicable ONLY if Fourth Amendment – as opposed to Eighth Amendment – applies).   Qualified good faith immunity stands for the proposition that even though the civil rights of a complainant may have been violated, if the officer engaged in the conduct in good faith there is no liability for that individual.   The standard by which an officer's entitlement to good faith qualified immunity is objective not subjective.   Defendants' actions judged by such objective standard protects, "all but the plainly incompetent or those who knowingly violate the law."   The determination of objective reasonableness must be based on a version of the facts most favorable to the Plaintiff.   To the extent that credibility questions exist, a fact-finder continues to be necessary.   In the instant case, Plaintiff alleges that Defendants are not entitled to claim "qualified good faith immunity."   Importantly, Defendants never had a good faith belief in their conduct because they acted in a manner demonstrating that they were plainly incompetent and knowingly violated Plaintiff's civil rights.   When the facts are taken in the light most favorable to the Plaintiff, it is clear that Plaintiff was merely standing against the wall, doing absolutely nothing when he was assaulted.   Any reason given by Defendants for their unlawful actions and/or omissions does not warrant the application of qualified good faith immunity because they were never in danger nor were any other persons in the vicinity in danger of Plaintiff. Moreover, Defendants' actions were objectively unreasonable in the sense that they knew or reasonably should have known that the actions taken within their authority or responsibility would violate the constitutional rights of Plaintiff.

**V.**
**SECOND CLAIM FOR RELIEF**
**Texas - - Assault & Battery**

28.     The allegations set forth in Paragraphs 10 through 17 are herein incorporated by reference,

the same as if fully set forth verbatim for any and all purposes of this pleading.  Furthermore, the claims brought by Plaintiff under this section only apply to the individual Defendants.  Any reference to "Defendant(s)" in this section only applies to the aforementioned individual Defendants and does not include Defendant County.

29.     As a pendent state cause of action, at all times material and relevant herein, the individual Defendants, by acts and/or omissions and under color of state law did then and there by acts and/or omissions, intentionally, knowingly and/or recklessly caused severe personal injury to Plaintiff through uncontested physical contact with Plaintiff.

30.     Under Texas law, the cause of action for excessive force is simply one for assault and battery.  Consequently, Plaintiff alleges that the individual Defendants committed an assault upon him when they intentionally, knowingly, and/or recklessly forcibly grabbed Plaintiff and slammed his head against a wall.  At no time did Plaintiff consent.  Said assaultive conduct of the individual Defendants was committed intentionally, knowingly, and/or recklessly and was the proximate cause of bodily and emotional injuries to Plaintiff.  Said injuries were the direct and immediate consequence of the individual Defendants' wrongful acts and a natural and direct result of the assault.

31.     At no time were the individual Defendants privileged to take the action as force was not necessary.  Moreover, the individual Defendants' assault and battery of Plaintiff was not objectively reasonable when balancing the amount of force used against the need for the force.  Put differently, at no time was Plaintiff fleeing or about to flee, nor was anyone (including Defendants) ever in danger.

## DAMAGES

32.     As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally,

Plaintiff has been caused to suffer general damages which include but are not limited to the following:  both physical and emotional injury, including but not limited to  - - pain and suffering, emotional and mental distress, and personal humiliation and shock, along with severe emotional distress.

33.    Said injuries have caused Plaintiff to incur special damages which include but are not limited to past medical expenses.

34.    Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C. §1988, a prevailing party in a §1983 case is entitled to recover his attorney's fees.   Hence, Plaintiff further prays for all costs and attorney fees associated with bringing the present case to trial.

35.    In addition, Plaintiff prays for punitive damages against the individual Defendants. Punitive damages are designed to punish and deter persons such as the individual Defendants who have engaged in egregious wrongdoing.  Punitive damages may be assessed under § 1983 when a Defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally-protected rights of others.  While municipal defendants are absolutely immune from § 1983 awards of punitive damages, such damages may be awarded against a public employee or official in their individual capacity.  Therefore, Plaintiff alleges and prays for punitive damages against the individual Defendants, as such the individual Defendants actually knew that his conduct was unconstitutional, and/or was callously indifferent to its legality.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that upon trial of the merits, he recover compensatory damages against Defendants, jointly and severally; that Plaintiff  also recover punitive damages against the individual Defendants in an amount to punish and/or deter and to make an example of those individual Defendant in order to prevent similar future conduct; and, that Plaintiff recover against each Defendant all reasonable and necessary attorney's fees,

court costs and expenses in regards to the present suit in litigation.  Moreover, Plaintiff prays for all pre-judgement and post judgement interest that can be assessed against the Defendants in the event of recovery; and that Plaintiff recover against each Defendant any and all other general or specific relief to which he proves himself justly entitled.

Respectfully submitted,

GALE LAW GROUP, PLLC
P.O. Box 2591
Corpus Christi, Texas 78403
Telephone: (361)808-4444
Telecopier: (361)232-4139
E-mail: Chris@GaleLawGroup.com


By: /s/ Christopher J. Gale
    Christopher J. Gale
    Southern District Bar No. 27257
    Texas Bar No. 00793766
    *Attorney-In-Charge for Plaintiff*

By:/s/ Amie Augenstein Pratt
    Amie Augenstein Pratt
    Texas Bar No 24085184
    Southern District Bar No. 2236723
    E-mail:  Amie@GaleLawgroup.com
    *Attorney for Plaintiff*

## NOTICE OF ELECTRONIC FILING

The undersigned counsel hereby certifies that he has electronically submitted for filing a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Southern District of Texas on the 15$^{t}$ day of August, 2016.


/s/ Christopher J. Gale
Christopher J. Gale

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 15st day of August, 2016, a true and correct copy of the above and foregoing has been sent to the following counsel of record by means indicated below:

Jenny Cron                                      ***Via E-File Notification***
NUECES COUNTY ATTORNEY'S OFFICE
901 Leopard St., Rm. 207
Corpus Christi, Texas 78401


/s/ Christopher J. Gale
Christopher J. Gale

25