Case 2:16-cv-00153   Document 32   Filed in TXSD on 01/04/17   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
January 04, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANNY GONZALES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-153 |
| | § | |
| NUECES COUNTY, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTION TO DISMISS

Plaintiff Danny Gonzales (Gonzales) filed this action against Defendant Nueces County, Texas, and six of its law enforcement officers,[1] for use of excessive force under 42 U.S.C. § 1983 and assault and battery under Texas law.  Before the Court is Defendants' Joint Rule 12(b)(6) Motion to Dismiss (D.E. 19), based on limitations, the failure to adequately plead municipal liability, and the inapplicability of vicarious liability and respondeat superior theories of liability.  After reviewing Plaintiff's First Amended Original Complaint (D.E. 26), along with the motion, response (D.E. 23), and reply (D.E. 24), and for the reasons set out below, the Court GRANTS the motion.

The Court DENIES Plaintiff's generic motion for leave appearing in his response (D.E. 23, p. 10) and ORDERS that, on or before January 15, 2017, Plaintiff may file a renewed motion for leave, attaching his proposed amended pleading and including any necessary briefing to show that the amended pleading complies with Federal Rule of Civil Procedure 8(a) and *Twombly/Iqbal*.

---

[1] Plaintiff has sued Justin Noland, Deputy Perales, S. Charleton, J. Medina, J. Villanueva, and A. Munoz, each in their individual capacity.

## DISCUSSION

### A. Standard of Review

The test of pleadings under Rule 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources devoted to meritless claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, "Pleadings must be construed so as to do justice." Fed. R. Civ. P 8(e). The requirement that the pleader show that he is entitled to relief requires "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Factual allegations are required, sufficient to raise the entitlement to relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. Those factual allegations must then be taken as true, even if doubtful. *Id*. In other words, the pleader must make allegations that take the claim from conclusory to factual and beyond possible to plausible. *Id*., 550 U.S. at 557. The *Twombly* court stated, "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570.

The Supreme Court, elaborating on *Twombly*, stated, "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Id*. In dismissing the claim in *Iqbal*, the Court stated, "It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." 556 U.S. at 681.

A motion to dismiss for failure to state a claim upon which relief can be granted can be based not only on a plaintiff's claims but on matters that support an affirmative defense, such as limitations. Even if some allegations support a claim, if other allegations negate the claim on its face, then the pleading does not survive the 12(b)(6) review.

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, *see* Fed. Rule Civ. Proc. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.

*Jones v. Bock*, 549 U.S. 199, 215 (2007).

## B. Limitations

Gonzales recites three occasions on which he claims that Defendants injured him through the use of excessive force or assault and battery: May 8, 2014, May 13, 2014, and June 16, 2014. The parties agree that a two-year statute of limitations applies to both the § 1983 and the state law claims. And Gonzales clearly filed his lawsuit on May 12, 2016—after limitations expired with respect to the first incident, but within the limitations period applicable to the second and third incidents. D.E. 1.

Defendants seek dismissal of Gonzales's claims related to the May 8, 2014 alleged incident because it is barred by limitations. Gonzales responds that the fact that one incident is outside the limitations period does not require dismissal of the claims altogether, as there remain two incidents within the statute of limitations. Gonzales overstates the relief Defendants request. Defendants do not seek dismissal of all of the claims on the basis of limitation; they seek only to dismiss those arising from the May 8, 2014 incident.

Gonzales has not supplied any reason that the May 8, 2014 claims survive the limitations bar. Therefore, the Court GRANTS the motion and dismisses any claims based upon the May 8, 2014 incident.

### C. Vicarious Liability and Respondeat Superior

First in the fact section of his amended complaint (¶ 14), and then in the § 1983 section (¶ 20), Gonzales included the following allegations:

> 14. Plaintiff is informed and believe[s], and thereupon allege[s] that in committing said acts and/or omissions, each individual Defendant was the agent and/or employee of ***Defendant County*** and was acting within such agency and employment and that each Defendant was acting under color of state law.
>
> . . .
>
> 20. . . . Plaintiff is informed and believes, and thereupon alleges that in committing said acts and/or omissions, each Defendant was the agent and employee of ***each other Defendant*** and was acting within such agency and employment and that each Defendant was acting under color of state law.

D.E. 26 (emphasis added).

Defendants, interpreting the pleading to state a claim against the County for the acts of its employees, asserts that any claim of respondeat superior or vicarious liability against the County must be dismissed under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). The *Monell* prohibition of municipal liability based on respondeat superior or vicarious liability theories is well-settled and clear. Consistent with that law, Gonzales responds that he had no intent to make such allegations. D.E. 23, pp. 9-10. Because the complaint could be misconstrued, the Court GRANTS the motion and dismisses any claim against the County for liability using a respondeat superior or vicarious liability theory.

### D. Direct Municipal Liability

Defendants seek Nueces County's dismissal from this action because Gonzales has not adequately pled facts that support the elements of municipal liability, as required by Federal Rule of Civil Procedure 8(a), *Twombly*, and *Iqbal*. The elements of municipal liability (a *Monell* claim) are: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *See Monell,* 436 U.S. at 694; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Rather than defend any factual details of his pleading, Gonzales challenges the pleading standard Defendants advocate, even going so far as to contend that no facts are required at all. More specifically, Gonzales argues:

- Boilerplate allegations are sufficient in a § 1983/*Monell* claim, citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993).

- If the *Twombly* standard applies, Defendants misrepresent it and advocate a level of pleading that is actually an impermissible heightened pleading standard or conflates the pleading standard with a summary judgment standard, exceeding the bounds of Rules 8(a) and 12(b).

### 1. Boilerplate Allegations Are Insufficient: The *Leatherman* Standard Does Not Eliminate *Twombly* in *Monell* cases.

The *Leatherman* opinion made it clear that the pleading of a § 1983/*Monell* case is governed by Rule 8, which at the time was treated as a notice pleading standard. *Leatherman* specifically held that heightened factual pleading standards—such as those in Rule 9(b)—do not apply. The preliminary question for the Court is whether the more liberal *Leatherman* standard—limiting the Rule 8(a) factual specificity required to assert a *Monell* claim—survived the sea change by which the Supreme Court imposed the *Twombly*/*Iqbal* factual plausibility standard, generally.

The parties have not briefed any cases from the Supreme Court of the United States or from the Fifth Circuit, and the Court has not found any, that directly address this question of *Leatherman's* continued viability.[2] Gonzales seizes on this silence, claiming that *Leatherman* has not been overruled. However, this argument runs counter to the

---

[2] While not mentioning *Leatherman*, the Fifth Circuit has applied *Iqbal* to a *Monell* claim. *Evans v. City of Meridian Mississippi*, 630 F. App'x 312, 315 (5th Cir. 2015).

6 / 13

observations in Justice Stevens's *Twombly* dissent, which suggest that the *Twombly* standard is a silent abrogation of *Leatherman*—a result he laments.

### a. Gonzales's Authorities Are Inapposite.

*Twombly* was decided May 21, 2007. Gonzales cites *Dwyer v. City of Corinth, Texas*, No. 4:09-cv-198, 2009 WL 3856989 (E.D. Tex. Nov. 17, 2009), which is a District Court's adoption of a Magistrate Judge's Report and Recommendation (R&R). The R&R expressly approves of the use of boilerplate allegations as sufficient to state municipal liability. *Id*. at *9. However, that holding is supported by citation to three cases that pre-date *Twombly*. Clearly, that court did not consider the correct standard in its decision. *Twombly* rejected the use of pleadings that are formulaic—another word for boilerplate.

Likewise, Gonzales's reliance on *Abdulkhalik v. City of San Diego*, No. 08-cv-1515, 2009 WL 4282004 (S.D. Cal. Nov. 25, 2009) is misplaced. That court held that "A plaintiff has alleged sufficient facts to assert a *Monell* claim even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." *Id*. at *10 (quotation marks and citations omitted). Again, that holding specifically cites to a pre-*Twombly* case that quotes from another even earlier case. The decision clearly conflicts with *Twombly*, which prohibits the-defendant-unlawfully-harmed-me conclusory pleadings. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Again, in *Charles v. Galliano*, No. 10-811, 2010 WL 3430519 (E.D. La. Aug. 26, 2010), the court recited that boilerplate allegations were sufficient, citing pre-*Twombly*

cases. Only one authority that it cited was decided after *Twombly* (and before *Iqbal*): *Ortiz v. Geo Group, Inc.*, 2008 WL 219564 (W.D. Tex. Jan. 25, 2008). That case did not approve boilerplate allegations. Rather, it cited *Twombly* and required fact pleadings that raise the claim beyond the speculative level. Thus the *Charles* defense of boilerplate pleadings was not actually supported by *Ortiz*, one of the authorities on which it relied.

According to the *Ortiz* complaint, plaintiff was a prisoner booked into the jail on a charge for driving while intoxicated. He displayed serious alcohol withdrawal symptoms, yet had been provided no intake medical screening and was not observed on any regular basis. After his injury, the two nurses working for the facility either failed to answer the phone call seeking their help or refused to return to the facility claiming to be off duty. The *Ortiz* court held that the question was close, but that the pleadings did raise a failure to train claim. The allegations were factual and not boilerplate.

It is also important to note that the actual allegations in *Charles* were not boilerplate, even though the opinion claims that boilerplate pleadings would be acceptable. Instead, the plaintiff had alleged a pattern or practice arising from his own "numerous and documented claims of severe and pervasive harassment, discrimination, and abuse," with city employees, including the mayor, permitted to retaliate against him in the workplace. The plaintiff's specific facts were those related to his own efforts and resulting treatment. They were not speculative or formulaic in that regard. Thus neither the *Charles* opinion nor the *Ortiz* opinion it cites support Gonzales's argument that he need not plead fact-specific allegations.

Last, Gonzales cites *Gearin v. Rabbett*, No. 10-cv-2227, 2011 WL 317728 (D. Minn. Jan. 28, 2011). In that case, the court held that the allegations of an unidentified act by an unidentified policymaker fell "far short" of the *Twombly*/*Iqbal* standards. However, it accepted the claim on the basis that the allegations satisfied the *Leatherman* standard, refusing to hold that *Leatherman* was overruled sub silentio by *Twombly* or *Iqbal*. *Id.* at *8-10.

*Gearin* cites footnote 14 of the *Twombly* majority opinion, which disclaims an intent to require a heightened pleading standard or expand the scope of Rule 9(b). This may be properly construed as making *Twombly* consistent with *Leatherman's* primary holding: that Rules 8 and 9 are different rules with different applications and it is Rule 8(a) that applies to *Monell* claims. *Twombly* seeks merely to clarify what the Rule 8(a) standard is—more than formulaic speculation, but less than particularized allegations. Thus the cited footnote concludes, "the complaint warranted dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible." *Twombly, supra* at 569, n.14.

This Court can agree that the main point of *Leatherman* survived *Twombly* in that *Monell* pleadings are evaluated under Rule 8(a). But *Twombly* announced new law, altering the interpretation of Rule 8(a)—a new interpretation that applied, going forward, to every case that would have previously permitted formulaic or boilerplate pleadings. The *Twombly* opinion would likely be unduly lengthy if the Court had to list as overruled every case that had previously applied Rule 8(a) so liberally. Therefore, the Minnesota court's willingness in *Gearin* to ignore the new interpretation of Rule 8(a) under these circumstances is an approach this Court will not follow.

### b. Defendants' Authorities Support the Factual Plausibility Standard

The *Twombly* path is reinforced by the opinions Defendants cite—opinions that are more recent than any of those that Gonzales cited. In both *Flanagan v. City of Dallas*, 48 F. Supp. 3d 941 (2014), and *White v. City of Dallas*, No. 3:12-cv-2145, 2013 WL 821992 (N.D. Tex. Feb. 8, 2013) (Ramirez, M.J.), the courts applied *Twombly* and *Iqbal* to *Monell* allegations. The Magistrate Judge in *White* specifically dismissed the plaintiff's reliance on *Leatherman* in much the same way as this Court has, above. *White, supra* at *4.

### 2. Gonzales Does Not Meet the Proper Rule 8(a) *Twombly* Standard: This Standard is Not an Improper Heightened or Conflated Standard.

The difference between the Rule 8(a) plausibility requirement and the Rule 9(b) particularity requirement is illustrated in *Flanagan's* treatment of the allegations of a policymaker. The *Flanagan* court held that it is enough under Rule 8(a) that the plaintiff pled that an identified city councilman confirmed that policymaking authority for police officer training had been delegated to the identified police chief. The plaintiff did not have to go the additional step that would apply under a Rule 9(b) standard and state the date of the councilman's statement and the media outlet to which the statement had been made. *Flanagan, supra* at 951. In contrast, Gonzales's policymaker allegations are general and conclusory, without any stated factual basis. D.E. 26, p. 8 (referring to "the County's policy makers"). Gonzales's allegations do not meet the *Twombly* test.

Likewise in *Flanagan*, a policy of using excessive force was sufficiently pled by such things as the city councilman's assertion to the media, acknowledging training

issues related to the killing of unarmed individuals and a large number of rankings and statistics related to police shootings of unarmed individuals, including detailed descriptions of certain similar shootings involving unarmed men who were shot even though they were doing nothing to provoke deadly force.  Even then, the *Flanagan* court considered the sufficiency of the pleading a "close call."

Here, Gonzales has pled no such policies apparent from high level admissions of deficiencies in police training or any statistics showing a significant number of similar instances.  The lists of internal investigations of police misconduct charges that Gonzales includes are devoid of any details to show that they share any facts similar to those involved here.  There is nothing to relate them to the beatings Gonzales allegedly suffered or to the context in which those beatings allegedly occurred.  Rather than state what type of policy is allowing the offending conduct, he speaks of the County's "unspoken policy of assaulting citizens," which is entirely too general to represent an actionable claim.  "It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."  *Iqbal*, 556 U.S. at 681.

The majority in *Twombly* made it clear that factual plausibility is a requirement of Rule 8(a) and that it did not cross the line into adopting a Rule 9(b) heightened pleading standard.  This Court does not hold Gonzales to a Rule 9(b) or a conflated summary judgment/evidentiary standard.  However, the Rule 8(a) standard described in *Twombly* and *Iqbal* requires more than what Gonzales has offered in pleading a policymaker and a policy behind his *Monell* claim.  The pleading of a policy, absent here, is a prerequisite to

pleading that the policy was the moving force behind the officers' alleged use of excessive force. The Court must therefore GRANT the motion and DISMISS the *Monell* claim against Nueces County for the use of excessive force.

Gonzales has also pled a claim for failure to train its police officers. A claim against a county for failure to train must allege sufficient facts to show that (1) the county adopted inadequate training policy procedures, (2) acted with deliberate indifference in doing so, and (3) the inadequate training policy directly caused the plaintiff's injury. *Sanders-Burns v. Plano*, 594 F.3d 366, 381 (5th Cir. 2010) (*citing Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir. 1996)). Again, because Gonzales fails to factually plead a policy for training or otherwise, he cannot meet, and has not met, the pleading standard as to any of the failure to train elements. The Court GRANTS the motion and DISMISSES the claim against Nueces County for the failure to train its police officers.

### E. Leave to Amend

Gonzales included in his response a generic request for leave to amend should the Court find his pleading deficient. He has not indicated what facts he would plead if leave to amend were granted. Rather than granting leave in this vacuum, which might unnecessarily subject the parties to yet another round of Rule 12 briefing (*See* D.E. 11, 19), the Court notes that this Order is not dispositive of the entire case because claims against the individual Defendants remain. The Court will permit Gonzales to file a renewed motion for leave to amend, with the proposed amended pleading attached as an exhibit, on or before January 15, 2017.

## CONCLUSION

For the reasons set out above, the Court GRANTS the motion to dismiss (D.E. 19) and:

- DISMISSES all claims against Nueces County, Texas; and
- DISMISSES all claims against all Defendants based on the incident of May 8, 2014.

The Court DENIES Plaintiff's generic motion for leave appearing in his response (D.E. 23, p. 10) and ORDERS that, on or before January 15, 2017, Plaintiff may file a renewed motion for leave, attaching his proposed amended pleading and including any necessary briefing to show that the amended pleading complies with Federal Rule of Civil Procedure 8(a) and *Twombly/Iqbal*.

ORDERED this 4th day of January, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE